UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| OHIO ASSOCIATION OF PUBLIC | ) | CASE NO.  1:08CV1989 |
| SCHOOL EMPLOYEES (OAPSE),etc., | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MADISON LOCAL SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION, | ) | |
| Defendants. | ) | |


**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motions (ECF DKT #8 & #9) of

Plaintiffs for Remand to the Court of Common Pleas, Lake County, Ohio.  For the following

reasons, the motions are granted and the above-captioned case is remanded to the Lake

County Court of Common Pleas.  In light of this ruling, the Court declines to rule on the

Motion (ECF DKT #14) of Defendants, State of Ohio, Attorney General Nancy H. Rogers

and Governor Ted Strickland, to Dismiss, and returns the Motion, with the remainder of the

file, for further proceedings in state court.

**I. FACTUAL BACKGROUND**

On July 20, 2008, Plaintiffs, Ohio Association of Public School Employees

("OAPSE")/ AFSCME Local 4, AFL-CIO and Thirty-Seven Bus Drivers, Bus Assistants and Mechanics, filed an action in the Court of Common Pleas for Lake County, Ohio, against the Madison Local School District Board of Education, Superintendent James J. Herrholtz, Assistant Superintendent Matthew J. Chojnacki, Community Bus Services, Inc.("CBS"), Governor Ted Strickland, and Attorney General Nancy H. Rogers.  The Complaint involves the termination of a contract, whereby Plaintiffs provided bus services to the Defendant School District Board, and the subsequent awarding of that contract to CBS.  Plaintiffs seek declaratory and injunctive relief, as well as compensatory and punitive damages on ten causes of action:

1. CBS contract is void or voidable because it is not a transportation services contract provided for in R.C. § 3319.0810.

2. R.C. § 3319.0810 does not apply to the facts of this case and the State Employment Relations Board (SERB) has sole jurisdiction over collective bargaining units.

3. Ohio R.C. § 3319.0810 is unconstitutional because it impairs and interferes with the obligation of contract in the State of Ohio.

4. The non-State Defendants unlawfully entered into a contract without engaging in competitive open bidding.

5. The School District breached its contract and collective bargaining agreements with      Plaintiffs.

6. Defendant CBS tortiously interfered with Plaintiffs' contract and employment relations with the School District.

7. The non-State Defendants engaged in civil conspiracy.

8.  CBS contract is void because it was negotiated in bad faith; discriminated against employees who filed labor grievances; and violated public policy.

9.  Plaintiffs are entitled to punitive damages from Herrholtz, Chojnacki, and CBS.

10.  Plaintiffs seek injunctive relief.

On August 15, 2008, the School District Defendants and CBS filed their Notice of Removal.  Subsequently, the Court ordered all Defendants to sign and consent to removal prior to October 14, 2008, or the case would be dismissed.  On October 7, 2008, an Amended Notice of Removal was filed.  Plaintiffs filed their Motions for Remand on October 10, 2008.

## II. LAW AND ANALYSIS

### Standard of Review

### Notice of Removal and Subject Matter Jurisdiction

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court."  *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990).  Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally."  *Warthman v. Genoa Township Board of Trustees*, 549 F.3d 1055,1059 (6th Cir. 2008).  The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant.  *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly."  *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).  A removed case **must** be remanded if the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

-3-

In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930).

Federal district courts are courts of limited jurisdiction.  *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (*citing Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)).  "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. April 4, 2006), slip copy; *Richmond v. International Business Machines Corporation*, 919 F.Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)).  Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative.  Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry* v. *U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006), citing *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988). Although Plaintiffs identify supposed procedural defects in the Notice of Removal, and despite Defendants' issues with the timeliness of Plaintiffs' Motions for Remand, the Court is not prevented from examining subject matter jurisdiction on its own initiative.

In the absence of diversity, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United

States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C.

§ 1441(b).

"To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Building Products, Inc. v. The Sherwin-Williams Company*, 491 F.3d 320, 325 (6th Cir. 2007) (citing *Palkow v. CSX Transp., Inc*., 431 F.3d 543, 552 (6th Cir. 2005)).  For jurisdictional purposes, a claim arises under federal law only if plaintiff's statement of the cause of action affirmatively shows that it is based on federal law.  *Beneficial Nat'l Bank*, 539 U.S. at 6-8.

"[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331."  *Warthman*, 549 F.3d at 1061 (quoting *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 758 (6th Cir. 2000)). "Federal question jurisdiction can be established by showing 'either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Warthman*, 549 F.3d at 1061; *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

In the Complaint before the Court, out of approximately one hundred and ten paragraphs and ten causes of action, there are only two mentions of the United States Constitution.  In the Third Cause of Action, at paragraph 75, the Complaint reads: "Ohio R.C. 3319.0810 cannot be applied to impair the obligation of contracts in violation of U.S. Constitution Art. I, Section 10 and/or Ohio Constitution Art. II, Section 28."  Then, in

paragraph 3 of the Prayer for Relief: "As to Plaintiffs' third cause of action, a declaratory judgment from the Court that Ohio R.C. 3319.0810 is unconstitutional as applied in this case because it impairs and interferes with the obligation of contracts in the State of Ohio in violation of the United States Constitution and the Ohio Constitution."  Therefore, it is evident Plaintiffs offer nine theories of relief under state law, which do not require the Court to address the validity of R.C. § 3319.0810 under the United States Constitution.  Moreover, where constitutionality is raised, it is phrased in the alternative, i.e., under the Ohio Constitution or the United States Constitution.

This Court will take its guidance from the very recent decision by the Sixth Circuit Court of Appeals in *Warthman*: "A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or, . . . , simply supports an element of a state claim.  *See, e.g., Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ('[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction.')." *Warthman*, 549 F.3d at 1064.  Also, where a complaint states an alternate basis in state law upon which the underlying state-law claim can be resolved, there is no substantial federal question to support federal subject matter jurisdiction.  See *Long*, 201 F.3d at 759-60.

### III. CONCLUSION

For the foregoing reasons, and because the two instances in Plaintiffs' Complaint where the United States Constitution is mentioned fail to demonstrate either that federal law creates Plaintiffs' cause of action, or that Plaintiffs' right to relief necessarily depends on the

resolution of a substantial question of federal law, the Court finds no federal question jurisdiction exists under 28 U.S.C. § 1441.  Therefore, Plaintiffs' Motions for Remand are granted.  The above-captioned case is remanded to the Court of Common Pleas for Lake County, Ohio; and the Court returns the State Defendants' Motion to Dismiss to Lake County Common Pleas Court for consideration and ruling.

**IT IS SO ORDERED.**

**DATE: January 22, 2009**

 **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**